IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MARLO M. WADE                                                                      PLAINTIFF

V.                                                                            NO. 2:09CV141-M-A

HAROLD D. HARRIS, ET AL.                                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Marlo M. Wade, who challenges the surrounding his arrest under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants seek [46] summary judgment. Wade has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the defendants' motion for summary judgment will be granted and the instant case dismissed for failure to state a claim upon which relief could be granted.

**Claims**

Marlo Wade brings suit pursuant to 42 U.S. C. § 1983 against former Tunica County Sheriff's Office Detectives Harold Harris and James Canon, Jr. alleging an illegal arrest, illegal search of his residence, and malicious prosecution, thereby violating his Fourth Amendment rights. Wade also claims that the Tunica County Sheriff's Department had a custom and practice of violating the Fourth Amendment. He claims that he was wrongfully detained, placed under arrest, searched, questioned, assaulted with a deadly weapon, and jailed – all without probable cause. Wade claims as injuries that he suffered emotional stress and harm.

**Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water*

*Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

### Facts Viewed in the Light Most Favorable to Wade, the Non-Moving Party[1]

At approximately 12:20 p.m. on Wednesday, August 4, 2004, Detective Harold Harris of the Tunica County Sheriff's Department received a Crime Stoppers tip that drugs were being sold at Clark Cove in the Walker subdivision in Tunica County. Detective Harris, along with Detective James Richard Canon, arrived at the scene where they observed several young men standing in front of 1034 Clark Cove. As the officers approached the men in their vehicle, Marlo Wade turned and entered the residence at 1034 Clark Cove. Detective Harris entered the house behind Marlo Wade and was able to apprehend him; Harris gained Wade's compliance by displaying a sidearm. Harris told Wade to go outside. When Wade asked to see a search warrant, Harris did not produce one; instead, he physically removed Wade from the residence. Meanwhile, Canon was searching the person of Wade's brother-in-law. Harris then directed Detective Canon to check Wade's pockets while Detective Harris restrained him. Canon found $48.00 in cash and a small plastic bag of what appeared to be nine small rocks of crack cocaine. Wade then asked Canon if he was under arrest and, when Canon said no, Wade turned to go back

---

[1] Some of the facts in this section are, indeed, disputed by the defendants, but the court has construed them, solely for the purposes of this memorandum opinion, in the light most favorable to Wade, the non-movant. *See* FED. R. CIV. P. 56.

into the house. At that point, Canon pushed Wade against the outside of the house, and placed Wade in handcuffs while Canon restrained him.

Approximately twenty minutes later,[2] Narcotics Agent Faye Pettis arrived and tested the substance found in the plastic bag. The test yielded a positive result for cocaine. Detective Harris told Lakita Wade that he had already seen guns on the premises and to bring the guns to him. Ms. Wade brought what appeared to be two shotguns. One weapon was stolen and the other was actually a pellet air rifle. Detective Harris then received written consent from Lakita Wade to search the property at 1034 Clark Cove. He retrieved no other items from the residence.

Marlo Wade was transported to the Tunica County Justice Complex Center and charged with possession of a controlled substance (crack cocaine). At 1:25 p.m. Marlo Wade signed a Miranda warning confirming he had been advised of his rights. He refused to waive them and invoked his right to counsel. Wade made his initial appearance at Justice Court the same day - August 4, 2004. He was given a $25,000.00 bond. Wade was indicted in Tunica County Circuit Court Cause No. 2006-0060 on February 7, 2006. An order to *nolle prosequi* was entered on April 16, 2009.

On May 31, 2007, Wade was indicted in Cause No. 2:07CR103 in the United States District Court of the Northern District of Mississippi on a six-count indictment. Wade pled guilty to two counts of the indictment and was subsequently sentenced on November 8, 2007, to one hundred thirty (130) months imprisonment. He is serving this sentence in a Louisiana federal prison.

On August 11, 2009, Wade filed the current action against Harris and Canon for the

---

[2]Some of events described in this account were taking place simultaneously, and the order of events related by the plaintiff and defendants do not square precisely with one another. This difference is not, however, material to the outcome of the case.

dismissed case in Tunica County, stating that his civil rights had been violated and that he was the victim of a malicious prosecution.

**Due Process**

Marlo Wade argues that the actions of defendants Harris and Canon violated his right to due process. This claim is without merit. Due process consists of notice and a meaningful opportunity to be heard on an issue. The initiation of criminal proceedings without probable cause is not necessarily a violation of substantive due process. *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807 (1994). A plaintiff must instead look to the explicit text of the Fourth Amendment as a source of protection for the "particular sort of government behavior" at issue. *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (*en banc*). Though a due process violation could arise if a government witness were to fabricate evidence or commit perjury at trial, a plaintiff may not proceed under a due process theory unless he can show that existing court procedures were facially inadequate or that use of those procedures were arbitrarily denied to him. *DA's Office for the Third Judicial Dist. v. Osborne*, 129 S. Ct. 2308 (2009). This claim fails under the facts of Mr. Wade's case. Wade does not even *allege* that a government witness fabricated evidence or committed perjury. Detective Harris reached into Marlo Wade's pocket and found a bag of crack. Wade states in his response to the instant motion for summary judgment that Canon "*allegedly* found crack cocaine in [Wade's] front right pocket." (emphasis added). Nowhere, however, does Wade actually *deny* that Canon found the crack cocaine during the search.

Put simply, Wade received all the process due him during the proceedings in his criminal case. The state court judge, after examining the case, decided that the search was improper. He would not permit the drug evidence collected during that search to be used in Wade's

prosecution, and the prosecution's drug possession case collapsed.  One can hardly prosecute a drug possession case without evidence that the defendant possessed drugs.  The prosecution moved to dismiss the case for want of evidence, and the trial court entered an order of *nolle prosequi* on April 16, 2009.  Thus, Wade benefitted from the due process protections inherent in criminal proceedings.  His right to due process was preserved.  This allegation will be dismissed for failure to state a claim upon which relief could be granted.

**Equal Protection**

The right to equal protection ensures that people similarly situated receive the same treatment under the law.  Mr. Wade's claim does not meet the requirements for heightened scrutiny on an equal protection claim because he has not set forth two groups, similarly situated, who were treated differently.  *Wayte v. United States*, 470 U.S. 598, 610, 105 S. Ct. 1524, 84 L. Ed. 2d 547 (1985).  This leaves Wade with a minimal scrutiny equal protection "class of one" theory.  To move this claim beyond summary judgment, Mr. Wade must establish a genuine issue of material fact that he "was intentionally treated differently from others similarly situated" and, if different standards were applied, "that there [was] no rational basis for the difference in treatment."  *Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 348 (5th Cir. 2006) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)).  First, Wade has not identified two groups for comparison.  Second, "class of one" is not a viable theory in this instance because the decision of a law enforcement officer acting within the discretion afforded under the Fourth Amendment is rationally debatable.  *Perry v. City of Shannon*, 2007 U.S. Dist. LEXIS 78225.  Wade's equal protection claim must be dismissed for failure to state a constitutional claim.

**The Actions of the Judge and Grand Jury Insulate the Defendants**

**from Liability under the Fourth Amendment**

Where facts supporting an arrest are put before an intermediary, such as a municipal judge or grand jury, the intermediary's decision to issue a warrant or return an indictment breaks the causal chain and insulates the initiating party. *Harris v. Payne*, 254 Fed. Appx. 410 (5th Cir. 2007). A person arrested pursuant to a warrant issued by a magistrate on a showing of probable cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial. *Baker v. McCollan*, 443 U.S. 137, 143, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979). Mr. Wade received an initial appearance and a grand jury indictment. Both break the causal chain as to these defendants. This allegation must be dismissed for failure to state a claim upon which relief could be granted.

**The Search of the Residence Was Permissible Under the Constitution**

"[P]hysical entry of the home is the chief evil against which the . . . Fourth Amendment is directed**.**" *United States v. United States Dist. Court*, 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L. Ed. 2d 752 (1972). "Warrantless searches of a person's home are presumptively unreasonable unless the person consents, or unless probable cause and exigent circumstances justify the search." *United States v. Gomez–Moreno*, 479 F.3d 350, 354 (5th Cir. 2007); *United States v. Gould*, 364 F.3d 578, 587 n. 9 (5th Cir. 2004). On the other hand, "[c]onsensual searches are established exceptions to the Fourth Amendment's warrant requirement." *United States v. Mendez*, 431 F.3d 420, 429 (5th Cir.2005)  A consensual search was performed in this case. Ms. Lakita Wade, resident of 1034 Clark Cove and the plaintiff's sister, gave verbal and written consent for Detective Harris to search her residence – and did so after she retrieved the shotgun at his request. Wade claims in his response to the motion for summary judgment that his sister *told* the defendants that she did not reside at 1034 Clark Cove – and that they obtained the

consent to search because they threatened and intimidated her.  Wade does not, however, claim that his sister was telling the truth.  Wade never alleged that his sister did not reside at 1034 Clark Cove.  Indeed, Lakita Wade stated under penalty of perjury that the premises at 1034 Clark Cove *was* her home.  That statement is the only evidence before the court on this issue.  As such, the plaintiff's claim that the search of the residence at 1034 Clark Cove must be dismissed.

### Physical Injury Required to Recover Mental or Emotional Damages

A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for psychological or emotional damages – regardless of the nature of the claim.  *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e).  In this case, the plaintiff has not alleged any physical injury; as such, he cannot recover damages for mental or emotional injury.  He may, however, recover nominal damages for any violation of his constitutional rights.

### Qualified Immunity

As the plaintiff's claims must be dismissed on their merits, the court makes no ruling on the defendants' argument that they are entitle to qualified immunity.  A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 19th day of March, 2012.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**